UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wilson Sagardia,<br>Individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br>     -v-<br><br>AD Delivery & Warehousing Inc, and<br>Amrit Dabie,<br><br><br><br>                                        Defendants, | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

　　　Plaintiff Wilson Sagardia, ("plaintiff" or "Sagardia"), on behalf of himself, and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the defendants AD Delivery & Warehousing Inc, and Amrit Dabie, ("defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees including drivers who worked for the defendants, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff on behalf of himself and a class of other similarly situated current and former hourly employees including drivers who worked for the defendants, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from defendants, individually and/or jointly, for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§

650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

3. Plaintiff and the class members including drivers are also entitled to recover their unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff Wilson Sagardia ("plaintiff" or "Sagardia") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, defendant AD Delivery & Warehousing Inc, ("AD Delivery" or "ADW"), was a domestic New York business corporation duly authorized to do business in New York.

9. Upon information and belief and at all times relevant herein, the corporate defendant AD Delivery and Warehousing Inc was owned/controlled/managed by defendant Amrit Dabie, who was the Chief Executive Officer of AD Delivery & Warehousing Inc and was in charge of the operations and management of AD Delivery & Warehousing Inc.

10. Upon information and belief and at all times relevant herein, the corporate defendant AD Delivery was owned and controlled by defendant Amrit Dabie and was his alter ego, and it was defendant Dabie who controlled the employment of plaintiff and was responsible for hiring, firing, supervising, and record-keeping as to plaintiff's employment, among other things.

11. At all times relevant herein, plaintiff was employed individually and/or jointly by defendants.

12. "Plaintiff" as used in this complaint refers to the named plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "plaintiff" refers to the named plaintiff as well as those similarly situated as putative class members as further defined below.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**STATEMENT OF FACTS**

14. Upon information and belief, and at all relevant times herein, defendant AD Delivery & Warehousing Inc was engaged in the business of storing and distributing automobile parts and accessories received from suppliers in several states across the United States.

15. Upon information and belief and at all times relevant herein, defendant AD Delivery & Warehousing Inc, ("ADW"), maintained a principal place of business at 99-53 211th Street, Queens Village, NY 11429.

16. Upon information and belief and at all times relevant herein, plaintiff was employed by defendants, individually and/or jointly, for about two months ending on or around January 7, 2015.

17. At all times relevant herein, plaintiff retrieved auto parts from defendants' warehouse

3

based on customers' orders and then plaintiff packed those parts into the vehicle. Plaintiff would then drive to defendants' customers where he would unload and deliver those auto parts.

18. Upon information and belief and at all times relevant herein, defendants had more than one hundred employees.

19. At all times relevant herein plaintiff was an hourly employee of defendants and his regular hourly rate was $8.50/hr.

20. At all times relevant herein, plaintiff worked about 46 hours a week and likely more – numbers that will be refined when defendants produce employment, wage and time records they were required to keep under the FLSA and NYLL – accurate copies of such wage and time records are incorporated herein.

21. At all times relevant herein, defendants paid plaintiff and the putative class members, their straight regular rate for overtime hours worked (more than forty hours a week) – instead of the premium overtime rate of at least 1.5 times their regular rate.

22. During the period that plaintiff has been employed, individually and/or jointly, by defendants, plaintiff was paid at his straight regular rate for overtime hours (hours over 40 a week) that he worked, and was not paid at a rate of at least 1.5 times his regular hourly rate for his overtime hours each week.

23. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that defendants were required to keep pursuant to the FLSA and NYLL.

24. At all relevant times herein, defendants had a policy of deducting $10 a week from the wages of their drivers like plaintiff, to cover the costs of any damages to defendants' vehicles.

25. Upon information and belief and at all times relevant herein, defendants had annual revenues

4

and/or expenditures in excess of $500,000. Plaintiff references and incorporates herein, accurate copies of records of defendants' business volume and revenues as well as business operations and commerce that defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

26. Upon information and belief and at all times relevant herein, defendants conducted business with vendors and other businesses outside the state of New York.

27. Upon information and belief, and at all times relevant herein, defendants conducted business with insurance companies within and outside the state of New York.

28. Upon information and belief and at all times relevant herein, defendants received shipments of automobile parts from suppliers/vendors outside of New York and several states across the United States.

29. Upon information and belief and at all times relevant herein, defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Upon information and belief and at all times relevant herein, defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. At all times applicable herein and upon information and belief, defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

32. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

33. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

34. Upon information and belief and at all times applicable herein, defendants did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

35. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**</u>

36. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. The named plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

38. The FLSA cause of action is brought as a collective action on behalf of the named plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

39. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees including drivers of defendants, who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

40. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

41. The class definition will be refined as is necessary, including after discovery if necessary.

42. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

43. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

44. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

45. **At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207**.

### Relief Demanded

46. Due to defendants' FLSA overtime violations, plaintiff and all those similarly similarly-situated, are entitled to recover from defendants, individually and/or jointly, their unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

47. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

48. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

49. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of defendant, and who: 1) were employed by defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

50. The class definition will be refined as is necessary, including after discovery if necessary.

51. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendants, upon information and belief, there are over 100 members of the class during the class period.

52. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

53. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

54. Upon information and belief, the claims of the representative party are typical of the claims of the class.

55. The representative party will fairly and adequately protect the interests of the class.

56. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57. There are questions of law and fact common to the class which predominate over any

questions solely affecting individual members of the class, including:

(a) Whether, Defendants failed and/or refused to pay the plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

59. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. **At all times relevant herein, defendants failed to pay and willfully failed to pay plaintiff and all those similarly situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

61. Due to defendants' NYLL overtime violations, plaintiff, and all those similarly-situated, are entitled to recover from defendants, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

62. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates each and every allegation contained in paragraphs 1 through 60 above with the

same force and effect as if fully set forth at length herein.

## CLASS ALLEGATIONS

63. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

64. The class of similarly situated individuals as to the overtime cause of action under the NYLL 198, and is defined as current and former employees including drivers who worked for defendants, and who: 1) were not reimbursed for wage deductions such as the weekly $10 deduction from their pay to cover the costs of any damages to defendants' vehicles as set forth above.

65. The NYLL class will include but is not limited to employees like plaintiff who were hourly employees and/or who were subject to the automatic unlawful deduction of $10 a week by defendants to cover the cost of damages to defendants' vehicles.

66. The class definition will be refined as is necessary, including after discovery if necessary.

67. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of defendants, upon information and belief, there are at least one hundred members of the class during the class period.

68. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

69. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was subject to unlawful deductions by defendants.

70. Upon information and belief, the claims of the representative party are typical of the claims of the class.

71. The representative party will fairly and adequately protect the interests of the class.

72. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

73. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether, defendants failed and/or refused to reimburse the plaintiff and the putative class members for their weekly unlawful deductions, within the meaning of NYLL 193.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

75. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by defendants within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 193 and the regulations thereunder.

76. At all relevant times herein, defendants violated and willfully violated the rights of plaintiff and the class under NY Labor Law § 190 et seq. including NY Labor Law §§ 193, and 198 by failing to pay plaintiff and all those similarly situated as class members reimbursement for wage deductions such as the weekly $10 deduction from the wages of plaintiff's and other such drivers to cover the costs of any damages to defendants vehicles as set forth above, as required under NY Labor Law § 190 et seq.

## **Relief Demanded**

77. Due to defendants' New York Labor Law Article 6 violations including violations of sections 191, 193, 195, and 198, plaintiff and all those similarly situated as class members are entitled to recover from defendants, individually and/or jointly, their entire unpaid wages including

1

reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

78. Declare defendants, individually and/or jointly, (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of plaintiff and putative class members under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder; and enjoin defendants from continuing such violations.

79. As to the **First Cause of Action**, award plaintiff and the similarly-situated class members, their unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

80. As to the **Second Cause of Action,** award Plaintiff and the similarly-situated class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

81. As to the **Third Cause of Action**, award plaintiff and the similarly-situated class members, their entire unpaid wages, including reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198;

82. Award plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

83. Award plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, NY
      February 10, 2015

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul K. Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com