FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 25 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILSON SAGARDIA,

              Plaintiff,

-against-

AD DELIVERY & WAREHOUSING, INC., and
AMRIT DABIE,

              Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-677 (CBA) (RLM)

**AMON, United States District Judge:**

On February 10, 2015, plaintiff Wilson Sagardia filed the instant action against defendants AD Delivery & Warehousing Inc. and Amrit Dabie for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and for failure to comply with other provisions of the New York Labor Law, N.Y. Lab. Law §§ 190, 191, 193, 195, 198. (D.E. # 1.) On May 18, 2015, Sagardia filed a notice indicating that he had accepted an Offer of Judgment for $1,500 made by defendants pursuant to Federal Rule of Civil Procedure 68. (D.E. # 12.) The Offer of Judgment left the issue of attorney's fees unresolved. (See id. at 2.) The parties later filed a Settlement Agreement in which defendants agreed to pay $5,000 for settlement of Sagardia's costs and attorney's fees. (D.E. # 17.) The Honorable Roanne L. Mann, United States Magistrate Judge, presided over settlement negotiations and stated on the record that "the settlement amount that will go to plaintiff himself is more than fair and reasonable." (D.E. dated May 19, 2015; see also D.E. # 18 ("Tr. of May 19 Conference").) Before the Court is the parties' stipulation of dismissal, which asks the Court to maintain jurisdiction over the Order of Judgment and the Settlement Agreement. (D.E. # 16.)

1

Pursuant to Cheeks v. Freeport Pancake House, Inc., "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). "The ultimate question" for the court considering whether to approve the proposed settlement agreement is whether it "reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, the terms of the proposed settlement are established by two documents. The first document is an Offer of Judgment in the amount of $1,500, which Sagardia accepted pursuant to Rule 68. (D.E. # 12.) At the outset, the Court notes that it is unclear whether Cheeks applies to an Offer of Judgment entered pursuant to Rule 68. See Barnhill v. Fred Stark Estate, No. 15-CV-3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015) (holding that "Cheeks should be confined to the Rule 41 context, and does not reach an Offer of Judgment under Rule 68"). Assuming that Cheeks applies, however, the Court concludes that the Offer of Judgment is fair and reasonable. As Magistrate Judge Mann stated on the record, the Offer of Judgment of $1,500 is "more than [Sagardia] would be entitled to if he were to prevail" on his FLSA claim given his limited term of employment (two months), (Compl. ¶ 16); the limited number of hours for which he seeks to recover (six hours per week), (id. ¶ 20); and the fact that his recovery is limited to the difference between the wage he received and the overtime pay he should have received (a total of $4.25 per hour), (id. ¶¶ 19, 22). (Tr. of May 19 Conference at 8:17–25.) For these reasons, the Court agrees with Magistrate Judge Mann that the Offer of Judgment is fair and reasonable.

The second document is a Settlement Agreement in the amount of $5,000 for the settlement of Sagardia's costs and attorney's fees. (D.E. # 17 at 1.) Sagardia's attorney represented that this

amount reflects $600 in costs, (Tr. of May 19 Conference at 5:14–15), and $4,400 in attorney's fees for approximately 15 hours of work, (id. at 9:11–13). The resulting hourly rate of approximately $293 per hour is within the reasonable range for attorneys in FLSA cases in this District. See Flores v. Food Express Rego Park, Inc., No. 15-CV-1410 (KAM) (SMG), 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016) (collecting cases). The remaining terms in the Settlement Agreement are similarly unobjectionable. For these reasons, the Court concludes that the terms of the Settlement Agreement are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court concludes that the proposed settlement is fair and reasonable. The Clerk of Court is directed to enter judgment in favor of plaintiffs in the amount of $6,500 and close the case.

SO ORDERED.

Dated: July 22, 2016
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

3